UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLEF DAI WEAVER, | No. 2:13-cv-0856-EFB P |
| Petitioner, | |
| vs. | ORDER |
| GARY SWARTHOUT, | |
| Movant. | |

Petitioner is a former state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] The parties in this action have consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Petitioner challenges a judgment of conviction entered against him on June 30, 2011 in the Siskiyou County Superior Court for arson of property. He seeks federal habeas relief on the following grounds: (1) the trial court abused its discretion when it denied his motion to dismiss his prior "strike" conviction at the time of his sentencing in the interests of justice; (2) the trial court violated his right to equal protection in failing to retroactively apply a California sentencing statute to his sentence; and (3) his trial counsel rendered ineffective assistance. Upon careful consideration of the record and the
/////

---

[1] The court has been advised by prison authorities that petitioner was released on parole on April 17, 2014.

applicable law, and for the reasons set forth below, petitioner's application for habeas corpus relief is denied.

## I. Background

In its unpublished memorandum and opinion affirming petitioner's judgment of conviction on appeal, the California Court of Appeal for the Third Appellate District provided the following factual summary:

> Following a jury trial, defendant Arlef Dai Weaver was convicted of arson of property (Pen.Code, § 451, subd. (d); undesignated statutory references that follow are to the Penal Code) and misdemeanor vandalism (§ 594, subd. (b)(1)). Defendant admitted a strike allegation and the trial court sentenced defendant to four years in state prison with 271 days of presentence credit (181 actual and 90 conduct).
>
> On appeal, defendant contends the trial court abused its decision by denying his motion to dismiss the strike. In a supplemental brief, he contends that the prospective application of the Criminal Justice Realignment Act of 2011 (the Realignment Act) (Stats.2011, ch. 15) violates his right to equal protection of the law. We affirm the judgment.
>
> **Facts and Proceedings**
>
> In December 2010, defendant lived in a house with Kevin Ramsey and his girlfriend Rachel Kirk. Tensions developed between defendant and his roommates after Ramsey informed defendant of Kirk's unhappiness with his lack of cleanliness and failure to share in the cooking.
>
> Defendant began removing his items from the house on the evening of December 26, 2010. Asked if he was leaving, defendant told Ramsey, "I'm out of here." They argued about settling some debts and defendant said, "no one is living here."
>
> Before defendant left, Ramsey joined Kirk in the living room to watch television. Defendant soon entered the room carrying a yellow gasoline can. The room contained a stove that was burning a large quantity of wood. Defendant walked to the stove and poured gasoline on top of it, causing a large fireball to erupt. Defendant immediately ran out of the house. Ramsey was able to put out the fire with bed sheets and water. The fire burned the carpet surrounding the stove and discolored the ceiling around it.

*People v. Weaver*, No. C068594, at *1, 2012 WL 5331300 (Cal.App. 3 Dist. Oct. 30, 2012).

/////

/////

After petitioner's judgment of conviction was affirmed by the California Court of Appeal, petitioner filed a petition for review in the California Supreme Court. Resp't's Lodg. Doc. 7. That petition was summarily denied. Resp't's Lodg. Doc. 8.

**II. Standards of Review Applicable to Habeas Corpus Claims**

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. *See Wilson v. Corcoran*, 562 U.S.___, ___, 131 S. Ct. 13, 16 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Park v. California*, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. *Thompson v. Runnels*, 705 F.3d 1089, 1096 (9th Cir. 2013) (citing *Greene v. Fisher*, ___ U.S. ___, 132 S.Ct. 38 (2011); *Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011) (citing *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). Circuit court precedent "may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." *Stanley*, 633 F.3d at 859 (quoting *Maxwell v. Roe*, 606 F.3d 561, 567 (9th Cir. 2010)). However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." *Marshall*

3

1   *v. Rodgers*, 133 S. Ct. 1446, 1450 (2013) (citing *Parker v. Matthews*, 132 S. Ct. 2148, 2155
2   (2012) (per curiam)). Nor may it be used to "determine whether a particular rule of law is so
3   widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court,
4   be accepted as correct. *Id.* Further, where courts of appeals have diverged in their treatment of
5   an issue, it cannot be said that there is "clearly established Federal law" governing that issue.
6   *Carey v. Musladin*, 549 U.S. 70, 77 (2006).

7   A state court decision is "contrary to" clearly established federal law if it applies a rule
8   contradicting a holding of the Supreme Court or reaches a result different from Supreme Court
9   precedent on "materially indistinguishable" facts. *Price v. Vincent*, 538 U.S. 634, 640 (2003).
10  Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the
11  writ if the state court identifies the correct governing legal principle from the Supreme Court's
12  decisions, but unreasonably applies that principle to the facts of the prisoner's case.[2] *Lockyer v.*
13  *Andrade*, 538 U.S. 63, 75 (2003); *Williams*, 529 U.S. at 413; *Chia v. Cambra*, 360 F.3d 997, 1002
14  (9th Cir. 2004). In this regard, a federal habeas court "may not issue the writ simply because that
15  court concludes in its independent judgment that the relevant state-court decision applied clearly
16  established federal law erroneously or incorrectly. Rather, that application must also be
17  unreasonable." *Williams*, 529 U.S. at 412. *See also Schriro v. Landrigan*, 550 U.S. 465, 473
18  (2007); *Lockyer*, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent
19  review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'").
20  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as
21  'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v.*
22  *Richter*, 562 U.S.___,___,131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S.
23  652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal
24  court, a state prisoner must show that the state court's ruling on the claim being presented in
25  federal court was so lacking in justification that there was an error well understood and

---

26   [2] Under § 2254(d)(2), a state court decision based on a factual determination is not to be
27  overturned on factual grounds unless it is "objectively unreasonable in light of the evidence
    presented in the state court proceeding." *Stanley*, 633 F.3d at 859 (quoting *Davis v. Woodford*,
28  384 F.3d 628, 638 (9th Cir. 2004)).

comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*,131 S. Ct. at 786-87.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. *Delgadillo v. Woodford*, 527 F.3d 919, 925 (9th Cir. 2008); *see also Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. *Stanley*, 633 F.3d at 859; *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. *Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Richter*, 131 S. Ct. at 784-85. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." *Id.* at 785 (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision on a petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. *Johnson v. Williams*, ___ U.S. ___, ___, 133 S.Ct. 1088, 1091 (2013).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). *Stanley*, 633 F.3d at 860; *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." *Himes*, 336 F.3d at 853. Where no

5

reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief." *Richter*, 131 S. Ct. at 784.

A summary denial is presumed to be a denial on the merits of the petitioner's claims. *Stancle v. Clay*, 692 F.3d 948, 957 & n. 3 (9th Cir. 2012). While the federal court cannot analyze just what the state court did when it issued a summary denial, the federal court must review the state court record to determine whether there was any "reasonable basis for the state court to deny relief." *Richter*, 131 S. Ct. at 784. This court "must determine what arguments or theories ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 786. The petitioner bears "the burden to demonstrate that 'there was no reasonable basis for the state court to deny relief.'" *Walker v. Martel*, 709 F.3d 925, 939 (9th Cir. 2013) (quoting *Richter*, 131 S. Ct. at 784).

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo. *Stanley*, 633 F.3d at 860; *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006); *Nulph v. Cook*, 333 F.3d 1052, 1056 (9th Cir. 2003).

**III. Petitioner's Claims**

    **A. Failure to Strike Prior Conviction**

In petitioner's first and third grounds for relief, he claims that the trial court abused its discretion in denying his motion to dismiss his prior "strike" conviction in the furtherance of justice at the time of his sentencing, pursuant to Cal. Penal Code § 1385 and *People v. Romero*, 13 Cal.4th 497 (1996) (*Romero*). ECF No. 11 at 4, 5, 7.[3] Petitioner argues:

> Lacking any admissible evidence of criminality occurring between appellant's conviction of second degree murder in the state of Michigan 34 years ago and present arson of property offense appellant's situation simply does not come within the intended purview of the Strike Law and his *Romero* request to dismiss should have been granted.

---

[3] Page number citations such as this one are to the page numbers reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

*Id.* at 7.

The California Court of Appeal denied this claim, reasoning as follows:

> Defendant contends the trial court erred in denying his section 1385 motion to dismiss the strike allegation.
>
> The probation report stated that defendant had a 1980 conviction for second degree murder in Michigan with a prison sentence of four to 15 years, and a 1998 conviction for possession of marijuana in Livonia Michigan, with an unknown disposition.
>
> Defendant made an oral motion to dismiss the strike allegation at the sentencing hearing. Counsel argued that the strike, a 1980 Michigan conviction for second degree murder, was 31 years old and happened when defendant was 19. According to defense counsel, defendant received the statutory minimum sentence of four years. It was a negotiated plea that, according to counsel, must have contained mitigating factors. Counsel asserted defendant had no contact with law enforcement since his release from prison. Since defendant would warrant probation if not for the strike, defense counsel concluded that the court should dismiss the strike allegation.
>
> The prosecutor argued that defense counsel was wrong regarding defendant's criminal record, and invited the court to continue the matter so defense counsel could look at defendant's rap sheet. Counsel objected to the rap sheet as it was not in the probation report and was not reflected in discovery. The prosecutor replied that counsel was responsible by making an oral motion on the day of sentencing without giving advanced notice to the People. The rap sheet had not been made available because the prosecution had no intention to introduce evidence of prior criminality based on the disposition of the case.
>
> The trial court overruled defendant's objection and asked the prosecutor for an offer of proof. The prosecutor said the rap sheet contained: a 1994 arrest in Illinois, a 1995 arrest for damage to property and battery in Danville, jurisdiction unknown, and defendant was "apparently" convicted of possession of marijuana in "the 16th District Court of Livonia," jurisdiction unknown.
>
> The trial court accepted the offer of proof, but found it "rather vague," consisting mostly of arrests without convictions or a conviction for a relatively minor offense. While defendant's murder conviction was 31 years ago, the trial court emphasized that "a man's life was taken," and it was a "very, very, significant strike." Having conducted the jury trial in the present case, the trial court was aware that defendant's conduct for the arson of property offense "at a minimum, clearly endanger[ed] the property of the victims in this case, if not human life . . . ." Taken together, these factors persuaded the trial court that it was inappropriate to dismiss the strike.

> "[A] court's failure to dismiss or strike a prior conviction allegation is subject to review under the deferential abuse of discretion standard." (*People v. Carmony* (2004) 33 Cal.4th 367, 374 (*Carmony*).)
>
> "[I]n ruling whether to strike or vacate a prior serious and/or violent felony conviction allegation or finding under the Three Strikes law, on its own motion, 'in furtherance of justice' pursuant to Penal Code section 1385 [, subdivision] (a), or in reviewing such a ruling, the court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161; *see Carmony, supra*, 33 Cal.4th at p. 377.)
>
> Defendant argues that the trial court erred in admitting the prosecution's offer of proof because defense counsel was not notified of the charges in the rap sheet before the sentencing hearing. Asserting that the possibility of determining the circumstances of the 1980 murder conviction was remote given the age of the crime, defendant argues the trial court should have dismissed the strike in light of his clean record since then.
>
> We do not consider whether the trial court erred in accepting the prosecution's offer of proof concerning the items on defendant's rap sheet. If the trial court erred in accepting the offer of proof, the error was harmless. The offer of proof contained vague references to several arrests and a single conviction for a relatively minor offense. The trial court properly minimized this evidence and did not rely on it in denying defendant's motion.
>
> It was not an abuse of discretion for the trial court to conclude that defendant's prior conviction for second degree murder was a particularly significant strike. Murder is the most culpable crime; a conviction for second degree murder, even a 31–year–old conviction, involves a high degree of culpability. Defendant threw gasoline on an operating wood burning stove in an occupied house. While he was convicted of a property crime, his conduct was nonetheless dangerous to his former roommates.
>
> In light of the nature of defendant's prior conviction and his current offense, it was not an abuse of discretion for the trial court to deny his section 1385 motion.

*Weaver*, 2012 WL 5331300, at *2. This decision by the California Court of Appeal on petitioner's claim of sentencing error is the operative decision for purposes of AEDPA review of petitioner's claim. *See Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000) (district

/////

court "look[s] through" unexplained California Supreme Court decision to the last reasoned decision as the basis for the state court's judgment).

Petitioner's federal habeas challenge to the trial court's denial of his motion to dismiss his prior "strike" conviction in furtherance of justice essentially involves an interpretation of state sentencing law. As explained above, "it is not the province of a federal habeas court to reexamine state court determinations on state law questions." *Wilson*, 131 S. Ct. at 16 (quoting *Estelle*, 502 U.S. at 67). This Court is bound by the state court's interpretation of state law. *Aponte v. Gomez*, 993 F.2d 705, 707 (9th Cir. 1993). So long as a sentence imposed by a state court "is not based on any proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigency, the penalties for violation of state statutes are matters of state concern." *Makal v. State of Arizona*, 544 F.2d 1030, 1035 (9th Cir. 1976). Thus, "[a]bsent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994).

The sentencing judge in this case declined to strike petitioner's prior "strike" conviction only after considering all of the relevant circumstances and applying the applicable law. As indicated by the California Court of Appeal, the sentencing judge's conclusion that petitioner did not fall outside the spirit of California's Three Strikes Law was not unreasonable under the circumstances of this case. After a careful review of the sentencing proceedings, this court finds no federal constitutional violation in the state trial judge's exercise of his sentencing discretion. If petitioner's sentence had been imposed under an invalid statute and/or was in excess of that actually permitted under state law, a federal due process violation would be presented. *See Marzano v. Kincheloe*, 915 F.2d 549, 552 (9th Cir. 1990) (due process violation found where the petitioner's sentence of life imprisonment without the possibility of parole could not be constitutionally imposed under the state statute upon which his conviction was based). However, petitioner has not made no such showing here. Nor has petitioner demonstrated that the trial court's decision not to strike his prior second degree murder conviction was fundamentally unfair.

/////

/////

In short, petitioner has failed to show that the trial court violated his federal constitutional rights in denying his motion pursuant to Cal. Penal Code § 1385 and *People v. Romero*. Accordingly, he is not entitled to relief on his first and third claims before this court.

### B. Violation of Equal Protection

In his second ground for relief, petitioner claims that the trial court violated his Fourteenth Amendment right to equal protection when it declined to apply the revised version of the California presentence credit law to his sentence, thereby depriving him of increased good time credits. ECF No. 11 at 7.

The California Court of Appeal denied this claim, reasoning as follows:

> **Presentence Credits**
>
> Defendant committed his crimes on December 26, 2010. He was sentenced on June 28, 2011.
>
> The trial court sentenced defendant under the September 28, 2010, revision of the presentence credit law. Under that version, a defendant with a current or prior serious or violent felony conviction was entitled to two days of conduct credit for every four days of presentence custody. (Former §§ 2933, 4019.) Defendant's prior conviction for second degree murder is a serious and violent felony. (§§ 1192.7, subd. (c)(1), 667.5, subd. (c)(1).)
>
> The Realignment Act amended the law, entitling defendants to two days of conduct credits for every two days of presentence custody. (§ 4019, subds.(b), (c), (f).) The award of credits is not reduced by a defendant's prior conviction for a serious or violent felony. This provision applies prospectively, to defendants serving presentence incarceration for crimes committed on or after October 1, 2011. (§ 4019, subd. (h).)
>
> Defendant argues that the prospective application of the conduct credit provisions of the Realignment Act violates his right to equal protection under the law. This claim was rejected by the California Supreme Court in a case after the conclusion of briefing. (*People v. Lara* (2012) 54 Cal.4th 896, 906, fn. 9.) Applying *Lara*, we reject defendant's claim.

*Weaver*, 2012 WL 5331300, at *3.

The Equal Protection Clause essentially requires that all persons similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). "States must treat like cases alike but may treat unlike cases accordingly." *Vacco v. Quill*, 521 U.S. 793, 799 (1997) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982) and *Tigner v. Texas*, 310 U.S. 141,

147 (1940)). The Fourteenth Amendment "guarantees equal laws, not equal results." *McQueary v. Blodgett*, 924 F.2d 829, 835 (9th Cir. 1991) (quoting *Personnel Adm'r v. Feeney*, 442 U.S. 256, 273 (1979)). Moreover, "a mere demonstration of inequality is not enough . . . . There must be an allegation of invidiousness or illegitimacy in the statutory scheme before a cognizable claim arises." *McQueary*, 924 F.2d at 835. A habeas petitioner has the burden of alleging facts sufficient to establish "a prima facie case of uneven application." *Id.*

In *People v. Lara*, the case relied on by the California Court of Appeal in rejecting petitioner's equal protection claim, the California Supreme Court explained:

> Today local prisoners may earn day-for-day credit without regard to their prior convictions. (See § 4019, subds. (b), (c) & (f), as amended by Stats.2011, ch. 15, § 482.) This favorable change in the law does not benefit defendant because it expressly applies only to prisoners who are confined to a local custodial facility "*for a crime committed on or after October 1, 2011*." (§ 4019, subd. (h), italics added.)
>
> Defendant argues the Legislature denied equal protection (see U.S. Const., 14th Amend.; Cal. Const., art. I, § 7) by making this change in the law expressly prospective. We recently rejected a similar argument in *People v. Brown* (2012) 54 Cal.4th 314, 328–330, 142 Cal.Rptr.3d 824, 278 P.3d 1182 (*Brown*). As we there explained, " '[t]he obvious purpose' " of a law increasing conduct credits " 'is to affect the behavior of inmates by providing them with incentives to engage in productive work and maintain good conduct while they are in prison.' [Citation.] '[T]his incentive purpose has no meaning if an inmate is unaware of it. The very concept demands prospective application.'" (*Brown*, at p. 329, 142 Cal.Rptr.3d 824, 278 P.3d 1182, quoting *In re Strick* (1983) 148 Cal.App.3d 906, 913, 196 Cal.Rptr. 293.) Accordingly, prisoners who serve their pretrial detention before such a law's effective date, and those who serve their detention thereafter, are not similarly situated with respect to the law's purpose. (*Brown*, at pp. 328–329, 142 Cal.Rptr.3d 824, 278 P.3d 1182.)

54 Cal.4th at 906, n.9. Petitioner has failed to demonstrate that he was treated differently from other similarly situated prisoners, without a rational basis. This is because, as explained in *Lara*, petitioner is not similarly situated with prisoners who committed their crimes after the revision of the conduct credit provisions of the Realignment Act. Petitioner has also failed to demonstrate "invidiousness or illegitimacy in the statutory scheme." *McQueary*, 924 F.2d at 835.

/////

/////

The decision of the California Court of Appeal denying petitioner's Equal Protection claim is not contrary to or an unreasonable application of federal law. Accordingly, petitioner is not entitled to federal habeas relief on that claim.

**C. Ineffective Assistance of Counsel**

In his final ground for relief, petitioner claims that his trial counsel rendered ineffective assistance. His claim is stated, in full, as follows:

> Ineffective counsel appellant representation was so poor he couldn't have a fair trial. Attorney has a responsibility to defend his client to the best of his ability to afford him a fair trial.

ECF No. 11 at 7.

This claim has not been presented to the California courts and is therefore unexhausted. Generally, a state prisoner must exhaust all available state court remedies, either on direct appeal or through collateral proceedings, before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1). However, a federal court considering a habeas petition may deny an unexhausted claim on the merits when it is perfectly clear that the claim is not "colorable" *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005). *See also* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). For the reasons set forth below, this court will deny petitioner's ineffective assistance of counsel claim on the merits, notwithstanding petitioner's failure to exhaust the claim in state court.

The clearly established federal law for ineffective assistance of counsel claims is *Strickland v. Washington*, 466 U.S. 668 (1984). To succeed on a *Strickland* claim, a defendant must show that (1) his counsel's performance was deficient and that (2) the "deficient performance prejudiced the defense." *Id.* at 687. Counsel is constitutionally deficient if his or her representation "fell below an objective standard of reasonableness" such that it was outside "the range of competence demanded of attorneys in criminal cases." *Id.* at 687–88 (internal quotation marks omitted). "Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Richter*, 131 S.Ct. at 787-88. (quoting *Strickland*, 466 U.S. at 687). Further, reviewing courts must "indulge a strong presumption that counsel's

conduct falls within the wide range of reasonable professional assistance . . . ." *Strickland*, 466 U.S. at 689.

Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*  "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 131 S.Ct. at 792.

Petitioner's vague and unsupported statements fail to demonstrate either deficient performance or prejudice with respect to this claim. *See Jones v. Gomez*, 66 F.3d 199, 204 (9th Cir. 1995) (quoting *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("It is well-settled that '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief'")). Petitioner has not described any specific acts or omissions of his trial counsel that deprived him of a fair trial.  He has therefore failed to overcome the "strong presumption" that his trial counsel rendered competent assistance. *See Detrich v. Ryan*, 740 F.3d 1237, 1276 (9th Cir. 2013).  Accordingly, petitioner is not entitled to relief on his unexhausted claim of ineffective assistance of counsel.

**IV. Conclusion**

For the foregoing reasons, IT IS ORDERED that

1. Petitioner's application for a writ of habeas corpus is denied;

2. The Clerk is directed to close the case; and

3. The court declines to issue a certificate of appealability.

DATED: May 4, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE